UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ANGIE ANDREA CHESSER,**

    **Plaintiff,**

v().                                                                                             **Case No: 5:18-cv-223-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Chantal J. Harrington, for attorney's fees pursuant to the Social Security Act § 206(b)(1) in the amount of $35,246.98. (Doc. 32). In support of the motion, Attorney Harrington has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits (Doc. 32-1), as well as a "Statement of Angie Chesser" in which Plaintiff consents to this fee petition. (Doc. 32-3). Counsel represents that the Commissioner neither opposes nor endorses the petition.

    **I.    Background**

On April 26, 2019, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 27). On July 1, 2019, the Court awarded attorney's fees to Attorney Harrington under the Equal Access to Justice Act (EAJA) in the sum of $4.314.24, for time spent representing Plaintiff before this Court. (Doc. 30). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $175,224.70, ongoing disability, and Medicare benefits. (Doc. 32-2). Of this amount,

$43,806.17, which is twenty-five percent of the past due benefits, has been withheld for payment of an attorney fee award.[1] Now, in the instant motion, Attorney Harrington seeks to recover $35,000 in attorney fees, which is approximately 20% of the past due benefit award (and not the 25% that was agreed to in the fee agreement). Attorney Harrington asks that the Court award a net fee of $30,685.75 ($35,000 less the EAJA award of $4,314.24).

## II.     Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee … not in excess of 25 percent of the … past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable out of, and not in addition to, the amount of [the] past-due benefits. *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase

---

[1] The Notice of Award dated June 17, 2024, states that Social Security had withheld $7,200 to pay administrative attorney fees. Counsel for the Commissioner subsequently confirmed that Social Security had in fact withheld $43,806.17 for an attorney fee award.

his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fees will not result in a windfall for counsel –i.e., that counsel is receiving compensation to which she is not entitled, and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Attorney Harrington has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 32-1). Despite this agreement, Attorney Harrington is only seeking to recover 20% of the past due benefits award.

Moreover, during the five-year period—between the time of the remand (April 2019) through May 2024 when Plaintiff finally was awarded disability benefits with an onset date of 2008 through the present—Attorney Harrington worked diligently on behalf of Plaintiff. Specifically, she represented Plaintiff through an additional two hearings, resulting in two administrative law judge denials, and two Exceptions filed by Attorney Harrington, both of which were granted by the Appeals Council. After the Appeals Council granted Plaintiff's second Exception, Attorney Harrington represented Plaintiff at yet another hearing before a different administrative law judge. On May 15, 2024, the ALJ issued a fully favorable decision finding Plaintiff was disabled commencing in 2008 and continuing through the present. In further support, Plaintiff acknowledges that she had trouble finding counsel and that she and Attorney Harrington knew that she had "a small chance of winning" because of how far back they had to prove disability. Plaintiff further stated that but for Attorney Harrington's "expertise and ongoing efforts, [she] would never have been awarded Social Security

disability insurance benefits." (Doc. 32-3). There is no question that Attorney Harrington's diligent efforts over many years resulted in an excellent outcome for her client –an outcome that Plaintiff herself has acknowledged could not have been achieved without her representation.

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Attorney Harrington's motion for attorney's fees pursuant to the Social Security Act § 206(b)(1) (Doc. 32) is due to be **GRANTED**. Section 406(b) fees are approved for Attorney Harrington in the sum of **$30,685.76** ($35,000.00 less $4,314.24).[2]

**DONE** and **ORDERED** in Ocala, Florida on July 11, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Normally, any award under Section 406(b) must be offset by the EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (finding that fee awards may be made under both 42 U.S.C. § 406(b) and the EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee); *Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to the claimant of the amount of the EAJA award or by a reduction of the Section 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Attorney Harrington requests that the amount of the 406(b) fee request be reduced by the amount of the EAJA award. (Doc. 32 at 7).